Dear Mr. Hebert:
It is legally impermissible for an individual to simultaneously hold the full-time appointive office of deputy sheriff and the local elective office of constable. R.S. 42:63(D) provides:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
In accord is Attorney General Opinion 98-477, copy attached. The exemptions of R.S. 42:66(L)[1] are inapplicable to the instant matter.
Should you have further questions, please contact this office.
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] R.S. 42:66L provides:
 L. (1) Nothing in this Part shall be construed to prevent a deputy sheriff form holding the office of either mayor or alderman of a municipality, provided such municipality has a population of two thousand or less, according to the latest federal decennial census.
 (2)(a) Nothing in this Part shall be construed to prohibit a deputy sheriff from holding the office of part-time constable of a justice of the peace court whose jurisdiction has a population of fifteen thousand or fewer persons according to the 1990 federal decennial census, or from holding the office of part-time constable or part-time marshal of a city court in a municipality with a population of ten thousand or fewer persons according to the 1990 federal decennial census, provided such person held both the office of deputy sheriff and the office of constable or marshal prior to January 1, 1997.
 (b) However, the provisions of this Paragraph shall not apply to such person after the expiration of the term to which he was elected as constable or marshal on August 15, 1999.
 OPINION NUMBER 98-477
JANUARY 13, 1999
Ms. Barbara Larpenter 301 Horseshoe Schriever, LA 70395
Dear Ms. Larpenter:
This office in receipt of your request for an opinion in regard to dual officeholding. You ask whether a full-time deputy can hold at the same time the elected position of constable.
The response to your question is controlled by R.S. 42:63(D) which provides as follows:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added.)
Thus, a constable, holding an elective office in a political subdivision of this state, cannot hold at the same time a full-time appointive office.
Having recognized that a deputy sheriff constitutes an appointed office as authorized in accordance with R.S. 33:1433, this office has concluded that R.S. 42:63(D) would prevent the simultaneous holding of the position of deputy sheriff on a full-time basis and the local elective office of constable. The law only permits an individual that holds a local elective office to hold an appointive office on a part-time basis. Atty. Gen. Op. No. 96-236.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ Barbara B. Rutledge Assistant Attorney General